

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-91,402-01, 91,402-02, 91,402-03, 91,402-04 & 91,402-05

### EX PARTE THOMAS CLYDE BRYANT, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 19CR21232A, 18CR20511A, 19CR21229A, 19CR21231A & 19CR21230A
### IN THE 123RD DISTRICT COURT
### FROM SHELBY COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to two charges of online solicitation of a minor, two charges of criminal attempt of sexual performance of a child, and one charge of sexual performance of a child and was sentenced to fifteen years' imprisonment on each charge. Applicant did not file direct appeals in these cases. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his pleas were involuntary because trial counsel erroneously advised Applicant that he was not eligible for any type of probation when there is no indication that he would

not be eligible for deferred adjudication probation. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was eligible for any type of probation, including deferred adjudication probation. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 16, 2020
Do not publish